**NOT FOR PUBLICATION**

In the

# United States Court of Appeals

## For the Eleventh Circuit

_____

No. 25-14222

Non-Argument Calendar

_____

IVETTE T. ECHENIQUE,

*Plaintiff-Appellant,*

*versus*

HAMILTON HOSPITAL,

HR, N.P., Testins, Records, Adm,

RIVERWOODS BEHAVIORAL HOSPITAL,

All employees, H.R. insurances, physicians, testins,
therapists, drivers, nurses, screening records adm,

P.A., N.P.,

HIGHLAND RIVERS BEHAVIORAL HOSPITAL,

AARP INSURANCE,

HAMILTON HOSPITAL - AMBULANCE N.P., et al.,

*Defendants-Appellees.*

———————————————

Appeal from the United States District Court
for the Northern District of Georgia
D.C. Docket No. 1:25-cv-00151-MLB

———————————————

Before ROSENBAUM, GRANT, and KIDD, Circuit Judges.

PER CURIAM:

Ivette Echenique, proceeding pro se, appeals the district court's dismissal of her second amended complaint as an impermissible shotgun pleading. After careful review, we affirm the district court's dismissal.

## I. BACKGROUND

In January 2025, Echenique filed a handwritten complaint against Hamilton Hospital, Whitfield County Courthouse, Riverwoods Behavioral Hospital, Highland Rivers Behavioral Health, Wellstar Cobb ER Hospital, United Health, and AARP, invoking federal question and diversity jurisdiction. The complaint broadly alleged medical negligence, malpractice, breaches of the duty of care, defamation, and discrimination arising from treatment she allegedly received at Hamilton Hospital and Riverwoods Behavioral Hospital. But the complaint was difficult to understand and did not identify what specific actions each defendant allegedly took in relation to each claim.

A magistrate judge granted Echenique's motion for leave to proceed in forma pauperis but deferred to the district judge to review the complaint for frivolity and subject matter jurisdiction.

Fourteen days later, Echenique filed an amended complaint against the same defendants, which was materially identical to her original complaint. She also filed several motions, including requests for handicap accommodations and inquiries as to the status of her case.

In October 2025, the district judge sua sponte dismissed the amended complaint without prejudice as a shotgun pleading. The court explained that the complaint was "cumbersome, confusing, and almost impossible to follow," and it failed to give each defendant notice of the claims asserted against them. However, it gave Echenique one final opportunity to amend the complaint and instructed her that any amended complaint had to comply with Federal Rules of Civil Procedure 8 through 11. Specifically, it needed to explain the basis for jurisdiction, plead each claim separately, identify which defendant was responsible for which conduct, and state the factual basis for each claim in a clear and concise manner. The district court also warned that failure to comply with these instructions could result in dismissal with prejudice. The court also denied Echenique's pending motions to the extent that they "s[ought] relief not already provided" because she had not shown that the requested relief was warranted.

Echenique then filed the second amended complaint, which became the operative pleading. That complaint named numerous defendants, including President Donald Trump, former President Joe Biden, other government officials and workers, several hospitals and their employees, UPS, AARP Insurance, United Insurance,

Wellstar ER, and the CDC. The complaint alleged, among other things, that defendants drugged, raped, assaulted, stalked, falsely arrested, defamed, and discriminated against her, and denied her medical care. It also alleged that the district court delayed ruling on her motions and was biased because of alleged associations with former President Biden and President Trump.

The district judge dismissed the second amended complaint with prejudice. The court concluded that the complaint remained a shotgun pleading, was frivolous, failed to state a claim for relief, and failed to comply with the court's prior order. Given Echenique's multiple opportunities to amend, it found that further amendment would be futile.

Echenique now appeals.

## II. STANDARD OF REVIEW

We review the district court's dismissal of a complaint as a shotgun pleading for an abuse of discretion. *Weiland v. Palm Beach Cnty. Sheriff's Off.*, 792 F.3d 1313, 1320 (11th Cir. 2015). We likewise review for abuse of discretion a dismissal of an in forma pauperis complaint as frivolous. *Bilal v. Driver*, 251 F.3d 1346, 1349 (11th Cir. 2001). "A district court abuses its discretion if it applies an incorrect legal standard, applies the law in an unreasonable or incorrect manner, follows improper procedures in making a determination, or makes findings of fact that are clearly erroneous." *Savoia-McHugh v. Glass*, 95 F.4th 1337, 1342 (11th Cir. 2024) (citation omitted).

### III. DISCUSSION

An in forma pauperis complaint must be dismissed sua sponte if the court determines that the action "is frivolous" or "fails to state a claim on which relief may be granted." 28 U.S.C. § 1915(e)(2)(B)(i)–(ii). "A claim is frivolous if it is without arguable merit either in law or fact." *Bilal*, 251 F.3d at 1349.

On appeal, Echenique argues that the district court's dismissal of her complaint with prejudice was discriminatory, biased, retaliatory, and an abuse of power. She contends that the district court failed to timely manage her case, ignored her motions, and dismissed her complaint in retaliation after she requested updates. She also argues that her complaint adequately stated claims for medical malpractice, negligence, discrimination, ongoing abuse, and defamation, and that the district court committed misconduct by tampering with her medical records. We disagree.

The district court acted within its "inherent authority" to dismiss the second amended complaint as a shotgun pleading. *Vibe Micro, Inc. v. Shabanets*, 878 F.3d 1291, 1295 (11th Cir. 2018) (citation modified). Shotgun pleadings violate Federal Rules of Civil Procedure 8(a)(2) and 10(b) because they fail to provide a short and plain statement of the claim, fail to organize allegations into numbered paragraphs and separate counts, rely on conclusory or immaterial facts, or assert claims against multiple defendants without identifying which defendant did what. *Weiland*, 792 F.3d at 1321–23. The central problem is that such pleadings fail "to give the defendants adequate notice of the claims against them and the grounds upon

which each claim rests." *Id.* at 1323. And it is not the district court's role to "parse out" incomprehensible allegations from a shotgun pleading. *Est. of Bass v. Regions Bank, Inc.*, 947 F.3d 1352, 1358 (11th Cir. 2020).

Although pro se pleadings are liberally construed, pro se litigants must still comply with procedural rules. *Tannenbaum v. United States*, 148 F.3d 1262, 1263 (11th Cir. 1998); *Albra v. Advan, Inc.*, 490 F.3d 826, 829 (11th Cir. 2007). Here, the district court gave Echenique notice of the specific defects in her amended complaint and one final opportunity to cure them. The court instructed her to explain the basis for jurisdiction, plead each claim separately, identify which defendant was responsible for which conduct, and state the facts supporting each claim clearly and concisely. But her second amended complaint remained lengthy, confusing, conclusory, and difficult to decipher. Although Echenique attempted to organize her allegations by defendant, she still failed to connect any specific facts to specific legal claims in a way that would give each defendant adequate notice of the claims against it. Because Echenique received a meaningful chance to amend and failed to correct the same pleading defects, the district court acted within its discretion in dismissing the complaint with prejudice. *See Jackson v. Bank of Am., N.A.*, 898 F.3d 1348, 1358–59 (11th Cir. 2018); *Silberman v. Miami Dade Transit*, 927 F.3d 1123, 1132 (11th Cir. 2019).

The district court also did not abuse its discretion in dismissing the second amended complaint as frivolous. The operative complaint alleged fantastical and delusional scenarios involving

sexual assault, physical abuse, stalking, retaliation, insurance misconduct, and medical record interference by President Trump, former President Biden, and numerous other defendants. Those allegations fall within the type of frivolous claims described in *Bilal*. *See* 251 F.3d at 1349. And although Echenique argues that the district court mishandled her medical record, there is no indication that any such documents were filed below.

Nor did the district court abuse its discretion in its handling of Echenique's pending motions or management of the instant case. District courts have "unquestionable authority to control their own dockets" and "broad discretion in deciding how best to manage the cases before them. *Smith v. Psych. Sols., Inc.*, 750 F.3d 1253, 1262 (11th Cir. 2014) (citation modified). The district court's delay in ruling on Echenique's motions, without more, does not show bias, retaliation, misconduct, or an abuse of discretion. *See id.*

Because the district court's dismissal of the second amended complaint on shotgun-pleading and frivolity grounds provides an independent basis for our Court to affirm, we need not address whether the complaint otherwise failed to state a plausible claim for relief. *See Kernel Records Oy v. Mosley*, 694 F.3d 1294, 1309 (11th Cir. 2012).

## IV. CONCLUSION

We **AFFIRM** the dismissal of Echenique's second amended complaint.[1]

---

[1] Echenique has also moved our Court to hold her mail "until further notice," asserting that "Joe Biden et al" are intruding in her mail, threatening to intercept it, and engaging in "federal stalking." We DENY her motion.